# EXHIBIT 1

## IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

RECEIVED

MAY 2 9 2015

LEGAL DIVISION

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | Case Number: 15CY-CV03920 |
| Plaintiff/Petitioner:<br>LARI BUNCH<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAV MIRFASIHI<br>MCKAY & BYERLEY<br>215 EAST 20TH STREET<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>AMERICAN FAMILY LIFE ASSURANCE<br>COMPANY OF COLUMBUS | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Breach of Contract | **BRING PAPERWORK WITH YOU TO COURT** |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**
Alias:

**1932 WYNNTON ROAD**
**COLUMBUS, GA 31999**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**CLAY COUNTY**

_____5/19/2015_____      _____
Date                           Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
     __Debbie__ __Beacon__ (name) __Legal__ __Rep__ (title).
   ☐ other (describe) _____

Served at _____ (address)
in __Columbus Muscogee__ County, __GA__ (state), on __5-29-15__ (date) at __1010__ (time).
   __2 Cows M 91834418__
   Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                       ☐ the judge of the court of which affiant is an officer.
                       ☐ authorized to administer oaths in the state in which the affiant served the above summons.
   (Seal)                 (use for out-of-state officer)
                       ☐ authorized to administer oaths. (use for court-appointed server)

                                                    _____
                                                    Signature and Title

**Service Fees, if applicable**
| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-101**     2 of 2     **(15CY-CV03920)**     Rules 54.06, 54.07, 54.14, 54.20;
CLAY (2-11) (SMOSCY)                                                                  506.500, 506.510 RSMo

Case 4:15-cv-00484-BP   Document 1-1   Filed 06/25/15   Page 3 of 25

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## AT LIBERTY

LARI BUNCH, Et Al.                       )
                                         )    Case No.    **15CY-CV03920**
                                         )                   **2**
           Plaintiffs,                   )    Division
                                         )
V.                                       )
                                         )
AMERICAN FAMILY LIFE                     )
ASSURANCE COMPANY OF                     )
COLUMBUS                                 )
                                         )
           Defendant.                    )

## CERTIFICATE OF SERVICE

Plaintiffs, Lari Bunch and the Estate of Eric Ray Bunch, by and through their undersigned

counsel, certify that the original and a compact disc (CD) in Microsoft Word format of Plaintiffs'

First Interrogatories to Defendant and Plaintiffs' First Request for Production of Documents were

served with the Petition for Damages and Notice of Deposition.

                         Respectfully submitted,

                         LAW OFFICES OF MCKAY & BYERLEY

                    By:  _____
                         Mav Mirfasihi                    #56368
                         215 E. 20th Street
                         Kansas City, Missouri 64108
                         (816) 474-4700
                         FAX (816) 474-4717
                         Email: mmirfasihi@mblawkc.com

                         ATTORNEYS FOR PLAINTIFFS

**FILED**

MAY 1 8 2015
                                                    JP
TIME:
Clay County Circuit Court

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI AT LIBERTY

LARI BUNCH )
9980 SE 214th Street )
Lawson, MO 64062 )
)
and )
)
THE ESTATE OF ERIC RAY BUNCH )
by & through the Personal Representative )
LARI BUNCH )
9980 SE 214th Street )
Lawson, MO 64062 )
)
               Plaintiffs, )
)
V. )
)
AMERICAN FAMILY LIFE )
ASSURANCE COMPANY OF )
COLUMBUS )
1932 Wynnton Rd. )
Columbus, GA 31999 )
)
               Defendant. )

**FILED**

MAY 18 2015   JP

Case No.   **TIME:**

Clay County Circuit Court

Division   **15CY-CV03920**

**2**

**JURY TRIAL REQUESTED**

RECEIVED

MAY 29 2015

LEGAL DIVISION

**Note: Please serve Interrogatories, Request for Production of Documents, Certificate of Service and Notice of Deposition with the Summons and Petition for Damages.**

## PETITION FOR DAMAGES

Come now Lari Bunch and the Estate of Eric Ray Bunch, hereinafter collectively Plaintiffs, by and through their undersigned counsel and state as follows:

## PARTIES AND JURISDICTION

1.    Eric Ray Bunch, hereinafter Decedent, passed away in Clay County, Missouri on July 24, 2014.

2.    Plaintiff, Lari Bunch, is the widow of Decedent and at all times hereto has resided at 9980 SE 214th Street, Lawson, Missouri 64062.

3.     Plaintiff, Lari Bunch, brings this action on behalf of Plaintiff, the Estate of Eric Ray Bunch, pursuant to her appointment by the Probate Division of Clinton County, Missouri Court, Case No. 14CN-PR00087.

4.     American Family Life Assurance Company of Columbus (Aflec), hereinafter Defendant, is a foreign insurance company authorized to transact business in Missouri.

5.     Decedent was an employee of Burlington Northern Santa Fe Railroad, hereinafter Employer, prior to his death.

## COUNT I: BREACH OF CONTRACT

6.     Paragraphs 1, 2, 3, 4, and 5 are incorporated by reference.

7.     On or about January 23, 2013 Decedent and Defendant entered into a 20 Year Term Policy, No. B2789130, hereinafter Life Insurance, contract in which in case of Decedent's death, Decedent's Estate would receive $200,000.00, plus interest from the date of death to the date of payment at a rate of interest on proceeds left on deposit, and plus additional interest at a rate of 10% annually, until the date the claim is paid beginning 31 days from the date Defendant receives proof of death.

8.     The Life Insurance policy issued to Decedent by Defendant took effect on February 1, 2013.

9.     In consideration for the Life Insurance benefits, Decedent agreed to pay Defendant a premium of $18.35 semimonthly/$440.40 annually for a term of 20 years.

10.     All premiums were taken out directly from Decedent's paychecks through his Employer and accepted by Defendant.

2

11.     All premiums were paid in full at the time of Decedent's death on July 24, 2014.

12.     The Life Insurance policy was in force on July 24, 2014.

13.     The Plaintiff, Lari Bunch, was a beneficiary of Decedent's Insurance Policy on July 24, 2014 and has been the legal representative of the estate of Decedent since September 25, 2014.

14.     Defendant was notified and provided Decedent's Proof of Death on or about August 4, 2014.

15.     However, to this date Defendant refuses to accept liability on the claim and perform on its promise.

16.     Defendant has materially breached its promise to Decedent by refusing to perform according to the Life Insurance contract and providing Plaintiffs $200,000.00, plus all applicable interest.

17.     Defendant's refusal to perform is without reasonable cause.

18.     As a result of Defendant's refusal to perform, Plaintiffs have sustained damages, including but not limited to lost premiums for 18 months that Defendant has collected for a false promise and loss of $200,000.00 plus applicable interest.

WHEREFORE, Plaintiffs pray for actual damages against Defendant in excess of $25,000.00, attorney fees under the American Rule Exception, attorney fees related to the probate estate, interest in accordance with the policy, interest in accordance 20 CSR 100-1.050(1)(H), costs, including the expenses of depositions, process server, filing fees, and for such further relief as is just.

3

## COUNT II: VEXATIOUS REFUSAL TO PAY
## PERSUANT TO R.S.MO § 375.296 AND § 375.420

19.     Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 are incorporated by reference. Pursuant

20.     Decedent's Life Insurance policy was valid and in force on July 24, 2014.

21.     Plaintiffs made a demand for payment of the Life Insurance benefits on March 26, 2015; however, Defendant refused to pay within 30 days and still refuses to pay.

22.     Defendant's refusal to pay is vexatious and without reasonable cause or excuse.

23.     Plaintiffs have a loss of $200,000.00 plus applicable interest and "loss of use" on the same amount.

WHEREFORE, Plaintiffs pray for actual damages against Defendants in excess of $25,000.00, pre-and post-judgment interest, a penalty not to exceed twenty percent (20%) of the first $1,500.00 of the award on the policy not including interest and ten percent (10%) of the remainder of such award pursuant to R.S.Mo. § 375.420, attorney fees pursuant to R.S.Mo. § 375.420, for costs, including the expenses of depositions, process server, filing fee, and for such further relief as is just.

4

Respectfully submitted,

MCKAY & BYERLEY LAW OFFICES

By: _____

Mav Mirfasihi          MO # 56368
215 E. 20th Street
Kansas City, MO 64108
T: (816) 474-4700 F: (816) 474-4717
Email: mmirfasihi@mblawkc.com

ATTORNEYS FOR PLAINTIFFS

5

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## AT LIBERTY

LARI BUNCH, Et Al.                     )
                                       )     Case No.
                                       )
                 Plaintiffs,           )     Division
                                       )
V.                                     )
                                       )
AMERICAN FAMILY LIFE                   )
ASSURANCE COMPANY OF                   )
COLUMBUS                               )
                                       )
                 Defendant.            )

RECEIVED

MAY 2 9 2015

LEGAL DIVISION

### PLAINTIFFS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Lari Bunch and the Estate of Eric Ray Bunch, by and through its

counsel, propounds the following request for production to American Family Life

Assurance Company Of Columbus, hereinafter Defendant, and hereby requests that the

following documents be produced by Defendant, pursuant to Supreme Court Rule 58.01

and within forty-six (46) days after service of the suit papers upon.

These requests are continuing, and require supplemental answers upon discovery

of any additional responsive information. In the event that any responsive material is not

furnished in response to these requests, Plaintiffs shall move for exclusion thereof at the

time of trial, or shall seek a continuance in order to conduct any needed factual

investigation.

### DEFINITIONS AND INSTRUCTIONS

This request is intended to cover all documents in your possession or control, or

subject to your control, wherever located.

The words "**Document**" and "**Documents**" mean (but is not limited to) all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, other graphic, symbolic recorded or written materials of any nature whatsoever, mortgages, notes, and bank records. Any document which contains any comment, notation, addition, insertion or marking of any kind which IS NOT of another document is to be considered a separate document.

In each instance wherein you are asked to "**identify**" or describe a document, your description should include, but not be limited to:

(1) The name, address, telephone number, occupation, job title and employer of the present custodian of the document;

(2) The fact or facts which would tend to be established by the introduction into evidence of each such document;

(3) The date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; and

2

(4) If any such document was, but is no longer in your possession, custody or subject to your control, or is no longer in existence, state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding the reason for such disposition thereof. If the document has been destroyed, identify each and every person who destroyed, or participated in, or ordered or suggested the destruction of the document, and state the date or approximate date thereof.

If any requested document cannot be produced in full, produce to the extent possible, indicating what document or portion of documents is being withheld and the reason said document is being withheld.

If you claim that the attorney-client privilege or any other privilege is applicable to any document the identification of which is sought by the interrogatories, the substance of that document need not be disclosed in your answers to these interrogatories, but you shall with respect to that document:

(a) State the date of the document;

(b) Identify each and every author of the document;

(c) Identify each and every other person who prepared or participated in the preparation of the document;

(d) Identify each and every person who received the document;

(e) Identify each and every person from whom the document was received;

(f) State the present location of the document and all copies thereof;

3

(g) Identify each and every person having custody or control of the document and all copies thereof; and

(h) Provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege and to permit the adjudication of the propriety of that claim.

## DESCRIPTION OF DOCUMENTS

**REQUEST NO 1.**     Certified copies of all insurance policies insuring the life of Eric Ray Bunch by Defendant.

**RESPONSE:**

**REQUEST NO 2.**     Copies of Plaintiffs' entire claim file.

**RESPONSE:**

**REQUEST NO 3.**     All documents produced or authored by Defendant involving policy number B2789130 and this claim prior to this lawsuit.

**RESPONSE:**

**REQUEST NO 4.**     Produce all documents upon which Defendant relied in denying or refusing to pay any benefits to Plaintiffs.

**RESPONSE:**

**REQUEST NO 5.**     All evaluations of this case by Defendant, its agents, adjusters, supervisors, consultants, and employees prior to this suit being filed.

**RESPONSE:**

**REQUEST NO 6.**     Copies of all correspondence Defendant sent to Plaintiffs and their attorneys, prior this lawsuit.

**RESPONSE:**

4

**REQUEST NO 7.** All recorded statements of Eric Ray Bunch or Plaintiffs.

**RESPONSE:**

**REQUEST NO 8.** Curriculum Vitae (CV) of any experts retained.

**RESPONSE:**

**REQUEST NO 9.** A copy of all medical records obtained for Eric Ray Bunch
to date.

**RESPONSE:**

Respectfully submitted,

MCKAY & BYERLEY LAW OFFICES

By: _____

Max Mirfasihi        # 56368
215 East 20th Street
Kansas City, MO 64108
Telephone: (816) 474-4700
Facsimile: (816) 474-4717
Email: mmirfasihi@mblawkc.com

ATTORNEYS FOR PLAINTIFFS

5

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY

RECEIVED

MAY 2 9 2015

LEGAL DIVISION

LARI BUNCH, Et Al.        )
                            )    Case No.
                            )
            Plaintiffs,     )    Division
                            )
V.                         )
                            )
AMERICAN FAMILY LIFE    )
ASSURANCE COMPANY OF   )
COLUMBUS              )
                            )
            Defendant.     )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

Plaintiffs, Lari Bunch and the Estate of Eric Ray Bunch, by and through its undersigned counsel, pursuant to Rule 57.01 Mo.Sup.Ct.R., propounds these interrogatories to be answered in writing and under oath, within forty-six (46) days after service of the suit papers upon American Family Life Assurance Company Of Columbus, Defendant. These interrogatories are deemed to be continuing in nature and at any time prior to or during trial Defendant is requested to supplement or amend his answers to these interrogatories if additional information should become known to Defendant which makes previous answers to these interrogatories inaccurate or incomplete.

## INSTRUCTIONS

If the answer to any interrogatory identifies any document (as herein identified) in the possession, custody and/or control of Defendant, Plaintiffs hereby requests that each such document either be attached to the answers to these interrogatories or be made available for inspection and copying on or before forty-six (46) days from service hereof

at the office of Plaintiffs' counsel beginning at 9:30 a.m. or at some other mutually agreeable time and location.

The following terms, when used in these interrogatories, are defined to mean:

a)    "Identify" a document or writing is defined to mean a request for a designation of each such item mentioned or covered by the interrogatory, whether or not such item is in the possession, custody, and/or control of Defendant, including a general description of its nature, its present location, the name and address of its custodian, the names of the writers and recipients, and the title and subject matter.

b)    "Identify" a person or employee is defined to mean a request for a full name, residence address, and if applicable, business address, job title, and a description of job responsibilities. If an interrogatory asks for the identification of a person or employee who has already been completely identified in an answer to a previous interrogatory, only the name of the person or employee need be given in answer to the latter interrogatory.

c)    "Document" is defined to mean all written, printed, typed, microfilmed, and recorded communication or conversation lists, records, charts, transcribed telephonic communications, correspondence, pamphlets, notes, books, digests, logs, calendars, computer printouts, and/or machine-recorded source documents from which these are or may be produced, photographs, tape-recordings, and any and all copies thereof which provide, state detail, described, denote, list or explain any of the information requested.

d)    "You" and "Your" shall mean any party to whom these interrogatories are directed and, when not negated by the context, shall also mean each and every officer, employee, attorney, or agent of the party to whom these interrogatories are directed who

2

presently hold such a position or had held such a position at any time during the period covered by this request.

   e)      If any interrogatory is answered by reference to a group of documents, with respect to each interrogatory answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in your identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to is in said interrogatory and as in your answer thereto appears.

   f)      If any information or document, which is responsive to any of the following interrogatories is withheld under any claim of privilege, Defendant shall include in its response to these interrogatories a written list or description of such information or document(s) being withheld. The following shall be included with regard to information being withheld: 1) a statement of the ground(s) upon which such information is considered to be privileged from production; and (2) the interrogatory(ies) to which the information would have been responsive. With regard to documents upon which a privileged claim is based, the following shall be included: (1) its date; (2) the name(s) of the person(s) who drafted, authored, or prepared it; (3) its title; (4) the name(s) of the person(s) to whom it was addressed; (5) the name(s) of each person(s) to whom the document, its contents, or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; (6) the name(s) of the person(s) who requested that the document be prepared, if any; (7) the purpose(s) for which the documents were prepared; (8) a statement of the ground(s) upon

3

which each such document is considered to be privileged from production; and (9) the interrogatory(ies) to which the document would have been responsive.

g)    If, in answering any interrogatory, you avail yourself of the option to produce business records, please describe, in sufficient detail to permit a determination as to whether the burden of deriving or ascertaining the answer to the interrogatory is substantially the same on Plaintiffs as on Defendant and the extent to which such business records and any other pertinent information were reviewed in preparing the answer or on any other occasion.

In specifying business records, please specify the document or documents upon which the answer may be derived or ascertained:

> 1. If the answer is contained in any document exceeding one page in length, please specify the page or pages and the line or lines thereof which contain the requested information; and

> 2. Please describe each document which is being specified in sufficient detail to permit a determination as to whether the document actually is a "business record."

## INTERROGATORIES TO DEFENDANT

**INTERROGATORY 1.**    Please indicate whether Defendant within the limited time period of July 24, 2004 to July 24, 2014 and for the limited geographic area of Missouri has ever been a Defendant to litigation in the state of Missouri involving a claim for Vexatious Refusal to Pay pursuant to R.S.Mo. § 375.296 and/or § 375.420. If the answer is "yes," for each instance, please provide the following information:

> a. The caption, case or docket number and filing date, as well as the court in which such action was filed;

4

b. Name and address of any attorney who represented you or otherwise acted on your behalf;

c. The disposition (e.g., jury verdict, conviction, acquittal, diversion, dismissal, etc.); and

d. Existence and/or whereabouts of any reports or statements obtained by any party during discovery or in preparation for trial.

**ANSWER:**

**INTERROGATORY 2.**     Please state the name, title, and address of each person giving any statements, written, recorded or stenographic to anyone concerning the occurrence described in the Petition and the date each statement was given.

**ANSWER:**

**INTERROGATORY 3.**     Identify each person whom you expect to call as an expert witness at trial listing their name, present business and home addresses and telephone numbers.

(a)     State the general nature of the subject matter on which the expert is expected to testify.

**ANSWER:**

**INTERROGATORY 4.**     Do you have any documentary evidence you know of which you claim or may claim supports the reason you did not pay on the Life Insurance Policy (e.g., photographs, scene diagrams, medical records, correspondence, etc.) or statements identified elsewhere in your interrogatory answers?  If so, identify the same and produce a copy.

**ANSWER:**

5

**INTERROGATORY 5.**     State the identity of each person with knowledge of facts or information which Defendant claims refutes in any way the allegations in Plaintiffs' Petition.

      **ANSWER:**

**INTERROGATORY 6.**     For each person identified in response to Interrogatory No. 5, please provide a summary of the facts or information in his or her possession allegedly refuting in any way the allegations in the Petition.

      **ANSWER:**

**INTERROGATORY 7.**     Were you sued in your correct legal name? If no, please state your correct legal name, address if a corporation, the state of incorporation, date of incorporation and registered agent.

      **ANSWER:**

**INTERROGATORY 8.**     Do you have any documentary evidence which you know of, which you claim is relevant to any issue in this case? If so, please list each item you claim is relevant and produce a copy of the item.

      **ANSWER:**

**INTERROGATORY 9.**     Please list the names, addresses, and telephone numbers for all experts, employees, agents, or representatives who worked on the claim at issue prior to this lawsuit.

      **ANSWER:**

6

**INTERROGATORY 10.**    Are you (Defendant) authorized to transact business in the state of Missouri.

    **ANSWER:**

**INTERROGATORY 11.**    Identify each and every person who provided information for, who drafted, or who assisted with answers to each of the above interrogatories, identify precisely which interrogatory they assisted with, the person's role in responding to the interrogatory and the information provided.

    **ANSWER:**

                  Respectfully submitted,

                LAW OFFICES OF MCKAY & BYERLEY

By: _____
           Mav Mirfasihi      MO # 56368
           215 E. 20th Street
           Kansas City, MO 64108
           T: (816) 474-4700 F: (816) 474-4717
           Email: mmirfasihi@mbblawkc.com

           ATTORNEY FOR PLAINTIFF

7

## **VERIFICATION**

STATE OF MISSOURI      )
                                ) ss:
COUNTY OF _____ )

I, _____ (print name) being of lawful age and duly sworn,

hereby state and attest that I have read and understand the foregoing Interrogatories and

Answers thereto; that said Answers are my own, and that they are true and correct to the

best of my knowledge and belief.

 

_____
American Family Life Assurance
Company Of Columbus
Authorized Agent

SUBSCRIBED AND SWORN TO before me, a Notary Public within and for the

County and State aforesaid, on this, the _____ day of _____, 2015.

 

_____
Notary Public

My Appointment Expires:

_____

8

FILED

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
**AT LIBERTY**

MAY 1 8 2015
JP
TIME:
Clay County Circuit Court

| | | |
|---|---|---|
| LARI BUNCH, Et Al. | ) | |
| | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | Division |
| | ) | |
| V. | ) | **15CY-CV03920** |
| | ) | **2** |
| AMERICAN FAMILY LIFE | ) | |
| ASSURANCE COMPANY OF | ) | |
| COLUMBUS | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED

MAY 2 9 2015

LEGAL DIVISION

## NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM

YOU ARE HEREBY NOTIFIED THAT pursuant to Rule 57.03(b)(4) the deposition of the designated spokesman for American Family Life Assurance Company Of Columbus, will be taken forty-six (46) days from the date of service and that the deposition will be at the law offices of McKay & Byerley, 215 E. 20th Street, Kansas City, Missouri 64108, at 10:00 a.m. until 6:00 p.m. on that day, and that the taking of said deposition, if not completed on that day, will be continued from 9:00 a.m. to 6:00 p.m. at the same place on the next day, until completed.

Plaintiff's counsel will depose the designated spokesman for American Family Life Assurance Company Of Columbus about the following issues and who's required to produce at the deposition the following items:

(1)     For the limited time period of July 24, 2004 to July 24, 2014 and for the limited geographic area of Missouri, the names, addresses, and current phone numbers of all persons who have brought a lawsuit against

Defendant for Vexatious Refusal To Pay pursuant to R.S.Mo. § 375.296
and/or § 375.420.

(2)     If such person in any prior vexatious case was represented by an attorney,
the attorney's name, address, and phone number;

(3)     The case number, the court, and address where the vexatious suit was
filed;

(4)     The amount of all premiums and the dates the premiums were received
from Eric Bunch or on his behalf;

(5)     All benefits received or promised to the Plaintiffs in consideration of
monthly premiums paid to the Defendant;

(6)     All experts retained or consulted in evaluating Plaintiffs' claim prior to
this lawsuit and their CVs.

(7)     All of Defendant's reasons for failing to pay on the policy.

(8)     All Investigations involved in evaluating Plaintiffs' claim prior to this
lawsuit;

(9)     The Defendant's adopted and implemented reasonable standards for
prompt investigations and settlements/payments under its policies;

(10)    Defendant's duty to document the file;

(11)    The position and credentials of all individuals who worked on Plaintiffs'
claim prior to this lawsuit; and

(12)    All correspondence between Defendant and Plaintiffs and Plaintiffs'
counsel.

(13)    Plaintiffs' entire claim file.

2

Respectfully submitted,

MCKAY & BYERLEY LAW OFFICES

By: _____

Mav Mirfasihi                MO # 56368
215 E. 20th Street
Kansas City, MO 64108
T: (816) 444-7526 F: (816) 474-4717
Email: mmirfasihi@mblawkc.com

ATTORNEYS FOR PLAINTIFFS

3